STEPPIN' OUT, INC., Plaintiff—
Appellee,

v.

NATIONAL SAVINGS
CORPORATION,
Defendant,

and

Raymond Grauer; RGA Group, Inc.,
Defendants—Appellants.

Steppin' Out, Inc., Plaintiff—Appellee,

v.

National Savings Corporation,
Defendant,

and

Raymond GRAUER; RGA Group,
Inc., Defendants—Appellants.

No. 01–17282, 01–17407.
D.C. No. CV–97–00645–RLH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 2, 2003.

Submission Withdrawn June 26, 2003.

Resubmitted Jan. 6, 2005.

J. Mitchell Cobeaga, D. Neal Tomlinson,
Cobeaga Tomlinson, LLP, Las Vegas, NV,
for Plaintiff–Appellee.

Brian E. Holthus, Alicia R. Ashcraft,
Jolley, Urga, Wirth & Woodbury, Las Ve-
gas, NV, Seymour R. Goldstein, Goldstein
& Byrne, Baltimore, MD, for Defendants–
Appellants.

**2**

Before B. FLETCHER, KOZINSKI and TROTT, Circuit Judges.

### MEMORANDUM *

■ 1. The district court was not obligated to entertain defendants' untimely argument that plaintiff lacked the capacity to sue. Defendants, through diligence, could have discovered plaintiff's lack of capacity and amended their answer to include lack of capacity as a defense. Because they did not, they waived the defense. *See De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 878 (9th Cir.2000). The district court did not abuse its discretion by avoiding the formality and delay of substituting the parties in response to an untimely motion.

■ 2. The district court properly asserted personal jurisdiction over defendants because they willfully infringed plaintiff's copyrights, knew their activities would reach Nevada, and also knew plaintiff's harm would be felt in Nevada. *See Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir.1997), *rev'd on other grounds sub nom. Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 118 S.Ct. 1279, 140 L.Ed.2d 438 (1998).

3. The district court was correct to find sufficient originality in the compilation—its look, design and arrangement—to support copyright protection. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 348, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). The district court did not err in finding the copyrights were registered (the evidence suggested as much), or that defendants' copying was willful (they were, after all, virtually exact copies).

■ 4. There was sufficient evidence to find for plaintiff on all relevant counts: (1) defendants copied plaintiff's work; (2)

defendants' product looked just like plaintiff's work; it's entirely possible consumers, seeing the books, would assume plaintiff made them or was somehow affiliated with defendants (the logo alone—which many won't notice, and others won't remember—doesn't cure this confusion); (3) defendants sold products to plaintiff's customer, despite knowledge of plaintiff's ongoing business relationship and the obvious effect these sales would have on that relationship.

5. The district court did not abuse its discretion, *see Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999), when it excluded defendants' expert because that expert violated Fed.R.Civ.P. 26(a)(2)(B), and provided an incomplete and untimely report to "cure" that violation; these deficiencies, moreover, were not obviously harmless. *See* Fed.R.Civ.P. 37(c)(1) ("A party that . . . fails to disclose information required by [Fed.R.Civ.P. 26(a)] . . . is not, unless such failure is harmless, permitted to use as evidence at trial . . . any witness or information not so disclosed.").

6. Defendants have not shown the damages estimates offered by plaintiff's experts lacked evidentiary basis in the record.

### AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.